**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INSTITUTIONAL SHAREHOLDER SERVICES INC., | |
| Plaintiff, | |
| v. | |
| SECURITIES AND EXCHANGE COMMISSION and WALTER CLAYTON III in his official capacity as Chairman of the Securities and Exchange Commission, | No. 1:19-cv-3275-APM |
| Defendants. | |

**JOINT STATUS REPORT AND REQUEST FOR ENTRY OF SCHEDULING ORDER**

Pursuant to this Court's order of August 5, 2020, plaintiff Institutional Shareholder Services Inc. (ISS) and defendants Securities and Exchange Commission *et al.* (collectively, SEC) respectfully submit this joint status report and proposal for subsequent proceedings in this case.

On October 31, 2019, ISS filed this action against the SEC, challenging an agency action entitled *Commission Interpretation and Guidance Regarding the Applicability of the Proxy Rules to Proxy Voting Advice*, 84 Fed. Reg. 47,416 (Sept. 10, 2019) ("Interpretation and Guidance"). ISS sought declaratory and injunctive relief under the Administrative Procedure Act, alleging that the Interpretation and Guidance is contrary to law, was issued without observance of the required procedures, and is arbitrary and capricious.

In November 2019, the SEC initiated a notice-and-comment rulemaking proceeding that, among other things, proposed to codify and formalize the interpretations set forth in the Interpretation and Guidance. *See* Proposed Rule, *Amendments to the Exemptions From the Proxy Rules for Proxy Voting Advice*, 84 Fed. Reg. 66,518 (Dec. 4, 2019). The SEC subsequently filed an unopposed

motion to hold this case in abeyance pending the promulgation of final rules, which this Court granted on January 17, 2020.

On July 22, 2020, the SEC issued final regulations in the pending rulemaking proceeding. *See Exemptions from the Proxy Rules for Proxy Voting Advice*, Exchange Act Release No. 89372, *available at* https://www.sec.gov/rules/final/2020/34-89372.pdf. The final regulations codify the interpretation of the proxy rules set forth in the Interpretation and Guidance; impose certain conditions on the exemptions from the proxy rules for proxy voting advice; and set forth an additional example of when the SEC believes proxy advice may be considered "misleading" under Rule 14a-9. The final regulations will have an effective date 60 days after publication in the Federal Register; publication will likely occur within the next few weeks. Nearly all of the new regulations will take effect on that date (likely in October or November). But the SEC adopted a compliance date of December 1, 2021 for the new requirements that: (1) proxy advice provided by proxy advisers such as ISS include prominent disclosures regarding conflicts of interest, and (2) proxy advisers such as ISS develop "written policies and procedures" designed to ensure that  proxy advice is made available to registrants and that proxy advisers "provide clients with a mechanism by which the clients can reasonably be expected to become aware of a registrant's views about the proxy voting advice."

ISS and the SEC propose the following schedule for additional proceedings in this case. The parties submit that this schedule would facilitate an orderly resolution of the important issues presented by this case while still ensuring a prompt decision well in advance of the December 1, 2021 compliance date for the new conflict-of-interest and "written policies and procedures" requirements.

- ISS files amended complaint and motion for summary judgment by September 18, 2020.

- SEC files certified index of administrative record by October 18, 2020.

- SEC files opposition to ISS's summary judgment motion and cross-motion for summary judgment by October 30, 2020.

- ISS files reply in support of its summary judgment motion and opposition to the SEC's cross-motion for summary judgment by November 20, 2020.

- SEC files reply in support of cross-motion for summary judgment by December 9, 2020.

- Hearing on cross-motions for summary judgment in December 2020 or January 2021 with decision to follow as soon as feasible thereafter.

The parties further agree that the SEC's waiver of an answer shall not constitute an admission of any of ISS's allegations, or waiver of any argument or affirmative defense, in this litigation.

## CONCLUSION

ISS and the SEC respectfully request that the Court enter a scheduling order as set forth above.

Respectfully submitted,

Dated: August 12, 2020

  _s/Jeffrey M. Harris_

Mari-Anne Pisarri (DC Bar #362597)
PICKARD DJINIS AND PISARRI LLP
1990 M Street, NW, Suite 660
Washington, DC 20036
(202) 223-4418
pisarri@pickdjin.com

Jeffrey M. Harris (DC Bar #994058)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

*Counsel for Institutional Shareholder Services, Inc.*

Michael A. Conley
Tracey A. Hardin
Daniel E. Matro (DC Bar #1013570)
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
(202) 551-8248 (Matro)
matrod@sec.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, I filed the foregoing document through the CM/ECF system, thereby serving all counsel of record.

_s/ Jeffrey M. Harris_